United States District Court
Southern District of Texas
FILED

APR 16 2013

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § | CRIMINAL NO. M-12-0118-7 |
| YAHIR RICARDO GARCIA-MATIAS | § § § | |

## REPORT & RECOMMENDATION

Pending before the Court is Defendant's Notice of Appeal, which the undersigned construes as a motion for leave to extend the time period to file notice of appeal, Motion Requesting Counsel, and Application to Proceed In Forma Pauperis ("IFP") on appeal. (Dkt. Entry Nos. 159; 160; 166.) This matter was referred to the undersigned.

The undersigned respectfully recommends that Defendant's motion for leave to extend the time period to file notice of appeal (Dkt. Entry No. 159) be **DENIED**. As a result, it is recommended that Defendant's motion to proceed IFP on appeal and motion for appointed counsel (Dkt. Entry Nos. 160; 166) be **DENIED** without prejudice as moot.

### I. FINDINGS AND CONCLUSION

Pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure, Defendant had 14 days to file timely notice of appeal from entry of the judgment. FED. R. APP. P. 4(b)(1)(A). The criminal judgment was entered on October 17, 2012. (Dkt. Entry No. 151.) The 14-day window for filing notice of appeal ended on October 31, 2012. *See* FED. R. APP. P. 26(a)(1)(B) (explaining that weekends and holidays are included when calculating the 14-day period) (West 2013).

Defendant sent a pro se letter to this Court inquiring about his direct appeal. This letter is dated December 13, 2012, and was docketed as a notice of appeal. As a notice of appeal, it is untimely. However, the undersigned construes this untimely notice of appeal as a motion for leave to extend the time period to file notice of appeal. *See United States v. Awalt*, 728 F.2d 704, 705 (5th Cir. 1984) (explaining that the courts have traditionally construed a pro se notice of appeal filed after the 14-day period for filing notice of appeal but before the expiration of 44 days—fourteen plus thirty—as a motion for a determination as to whether excusable neglect entitles a defendant to an extension of time to appeal).

Upon a finding of "excusable neglect" or "good cause," Rule 4(b)(4) permits a district court, with or without motion, to extend the time to file notice of appeal for a period not to exceed 30 days from the expiration of time otherwise prescribed by Rule 4(b). FED. R. APP. P. 4(b)(4). Extensions of time under Rule 4(b)(4) are reviewed for abuse of discretion. *United States v. Clark*, 193 F.3d 845, 846 (5th Cir. 1999).

Under Rule 4(b)(4), a court is guided by equitable considerations in light of all the relevant circumstances. *United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)). Such considerations include possible prejudice to the late filer, the length of the delay and the impact on judicial proceedings, the reason for the delay, and whether the defendant acted in good faith. *Id.* A clear case of ineffective assistance of counsel due to defense counsel's handling of a defendant's notice of direct appeal may be sufficient to demonstrate excusable neglect. *See, e.g., Clark*, 193 F.3d at 847. The excusable neglect standard under Rule 4(b)(4) should not be construed so strictly as to conflict with the equitable and flexible inquiry enunciated in *Pioneer*. *Clark*, 51 F.3d at 44.

The undersigned finds that Defendant's motion for leave to extend the time period to file notice of appeal is untimely because his letter is dated December 13, 2012, and this date exceeds the 44-days described in Rule 4(b)(4)—that is, 14 days plus 30 days from the date the judgment was entered. The time limits set forth in Rule 4(b) are not jurisdictional, but they are considered mandatory. *United States v. Martinez*, 496 F.3d 387, 387–89 (5th Cir. 2007) (per curiam). To that end, this Court is authorized to enforce the time limits under Rule 4(b) without abusing its discretion. *See id.*; *United States v. Leijano-Cruz*, 473 F.3d 571, 574 (5th Cir. 2006) (stating that the "district court could correctly enforce the time limits [under Rule 4(b)], regardless of whether they are jurisdictional" and that the district court "neither erred nor reversibly erred" in its denial of the defendant's untimely motion for an extension of time to file notice of appeal under Rule 4(b)(4)).

The undersigned has considered Defendant's statements in his post-judgment correspondence. (*See* Dkt. Entry Nos. 159; 168.) In his first letter, Defendant inquires whether a number has been assigned to his appeal because "I was told by the attorney who represented me at my sentencing hearing that he was going to file a notice of appeal my case and he was going to file a motion to request an appeal counsel to represent me . . . ." (Dkt. Entry No. 159.) After reading this letter, defense counsel, Osvaldo J. Morales, III, Esq., filed a motion to withdraw, which was granted, and counsel also included an affidavit in which he counters Defendant's allegations. (Dkt. Entry Nos. 164; 165.) In a later letter, Defendant lets the Court know that he was in transit. (Dkt. Entry No. 167.)

In light of the nature of Defendant's allegations, which are vague and undeveloped, and the fact that the time period under FED. R. APP. P. 4(b)(4) has expired, the undersigned finds that equitable considerations do not favor an extension of the time period and recommends that the Court

enforce the time limit under Rule 4(b)(4). To the extent Defendant would like to pursue a claim of ineffective assistance of counsel with regard to the direct appeal, it would be more appropriate for Defendant to develop such a claim in a motion under 28 U.S.C. § 2255. That is, even though it is recommended that the Court deny relief under Rule 4(b)(4), Defendant may still pursue his rights in a motion under 28 U.S.C. § 2255. *See Macer v. United States*, 538 U.S. 500, 504 (2003) (stating that, as a general rule, ineffective assistance of counsel claims are appropriately reserved for post-conviction collateral attacks by federal prisoners); *United States v. West*, 240 F.3d 456, 459 (5th Cir. 2001) ("Since the 1960s, our court, pursuant to a § 2255 motion, has permitted an out-of-time appeal when a defendant was denied assistance of counsel on appeal, through counsel's failure to perfect an appeal."). With that said, however, this Report & Recommendation does not express an opinion about the merit of such a claim.

In summary, the Court should deny any request to extend the notice-of-appeal deadline under Rule 4(b)(4). In light of the foregoing recommendation, the undersigned recommends that Defendant's motion for appointed counsel and request to proceed IFP on appeal be denied without prejudice as moot.

## II. CONCLUSION

### *Recommended Disposition*

The undersigned respectfully recommends that Defendant's motion for leave to extend the time period to file notice of appeal (Dkt. Entry No. 159) be **DENIED**. As a result, it is recommended that Defendant's motion to proceed IFP on appeal and motion for appointed counsel (Dkt. Entry No. 160; 166) be **DENIED** without prejudice as moot.

*Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objecti4ns to the proposed recommendations. A party may respond to another party's objections within 14 days after being served with a copy thereof. The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The clerk of this Court shall forward a copy of this document to the parties by any receipted means.

**DONE** at McALLEN, Texas, this 16th day of April, 2013.

_____
Dorina Ramos
UNITED STATES MAGISTRATE JUDGE